UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RUBEN SKLAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ORCHARD SUPPLY COMPANY, LLC, et al.,<br><br>　　　　Defendants. | Case No. 5:16-cv-05096-EJD<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 14 |

Plaintiff Ruben Sklar moves to remand this case to Santa Clara County Superior Court, arguing that the amount in controversy is less than $75,000 and that removal was untimely. Sklar's motion will be DENIED.

I. **BACKGROUND**

Sklar bought a barbecue grill from Defendant Orchard Supply Company, LLC. Pl.'s Mot. to Remand ("Mot.") at 2, Dkt. No. 14. Orchard's employees assembled it and loaded it into Sklar's

truck. Id. at 2–3. Back home, as Sklar tried to unload the grill, it slipped and "sliced his thumb, rupturing his tendon and damaging his radial nerve." Id. at 3.

Sklar filed a complaint in Santa Clara County Superior Court in March of 2016. Notice of Removal Ex. A, Dkt. No 1. Sklar also served a statement of damages indicating that he seeks to recover $840,000 for (1) past medical expenses, (2) future medical expenses, and (3) pain, suffering, and inconvenience. Notice of Removal Ex. E at 1. Orchard removed to this Court on the basis of diversity jurisdiction.[1] Id. at 3–6. Sklar moves to remand.

## II. LEGAL STANDARD

### A. Removal Jurisdiction

A case may be removed to federal court if it (1) raises a federal question or (2) is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441, 1332. Defendants have the burden of showing that removal was proper. Gaus v. Miles, Inc., 980 F.3d 564, 566 (9th Cir. 1992). Courts must strictly construe the removal statute against removal. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). Cases should be remanded if there is any doubt about the existence of federal jurisdiction. Gaus, 980 F.2d at 566.

### B. Timeliness of Removal

A defendant has 30 days to file a notice of removal after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## III. DISCUSSION

### A. The amount in controversy exceeds $75,000.

About five months after filing his complaint, Sklar served a statement of damages on Orchard, which indicated that he seeks damages of $60,000 for past medical expenses, $30,000 for future medical expenses, and $750,000 for pain, suffering, and inconvenience. Notice of Removal Ex. E at 1. Thirty days later, Orchard removed to this Court on the basis of diversity jurisdiction.

---

[1] Sklar does not contest diversity of citizenship.

Case No.: 5:16-cv-05096-EJD
ORDER DENYING MOTION TO REMAND

2

Id.; Mot. at 2.

Sklar now argues that removal was improper because the damages statement does not, in fact, reflect the amount he actually seeks to recover. Mot. at 4–7. According to Sklar, there is "nothing in the statement of damages to indicate its reliability." Mot. at 7. He calls it "unrealistic," "uncertain," "skewed," "pure conjecture," and an "imaginary ceiling." Id. at 1, 4–6.

Sklar's statement of damages might be imaginative, but as a measure of the amount in controversy, it deserves more credit. It shows that Sklar has already incurred $60,000 in medical expenses,[2] leaving $15,000 before he reaches the jurisdictional threshold. It also shows that he seeks an additional $780,000 for "pain, suffering, and inconvenience" and "future medical expenses." If Sklar recovers less than 2% of that amount, his total recovery will exceed $75,000. See id. at 4 (indicating that Sklar's statement of damages represents "the maximum potential award" in this case); see also Fed. R. Civ. P. 11 ("By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ."); Surber v. Reliance Nat. Indem. Co., 110 F. Supp. 2d 1227, 1230 (N.D. Cal. 2000) ("although a statement of damages . . . is not filed with the court as part of the complaint, it is normally viewed as a serious estimate of the damages in a given case").

Several courts have relied on the plaintiff's statement of damages as a measure of the amount in controversy. See, e.g., Brown v. Target Corp., No. CV 16-7384-JFW (ASx), 2016 WL 6781100, at *2 (C.D. Cal. Nov. 16, 2016) ("Defendant could easily ascertain that the amount in

---

[2] "Clearly," Sklar argues, "$60,000 is not the exact medical bills to date" because it is "a round number." Mot. at 7. That may be, but decimal precision is not required. Since "$60,000" appears on the line labeled "Medical expenses (to date)" on a document bearing the signature of Sklar's attorney, the Court accepts that figure as a good-faith approximation of the actual medical expenses Sklar has incurred.

Case No.: 5:16-cv-05096-EJD
ORDER DENYING MOTION TO REMAND

3

controversy exceeded $75,000 from Plaintiff's Statement of Damages, . . . which notified Defendant that she claimed economic damages in excess of $250,000 and non-economic damages in excess of $250,000."); Zubair v. L'Oreal USA, Inc., No. 2:10-CV-01112-MCEEFB, 2010 WL 2925074, at *1 (E.D. Cal. July 23, 2010) ("it was not until . . . Plaintiff served her Statement of Damages indicating that a total of $401,000.00 was being sought in general and special damages, that Defendants were on notice that damages exceeded the jurisdictional minimum"); Cleveland v. West Ridge Acad., No. 1:14-cv-01825-SKO, 2015 WL 164592, at *5 (E.D. Cal. Jan. 13, 2015) ("a plaintiff's statements of damages furnished after service of the complaint can constitute 'other paper' within the meaning of section 1446(b) and trigger the thirty-day period for removal").

As a counterexample, Sklar points to Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055 (C.D. Cal. 2014). In that case, the plaintiff's attorney drafted a one-page "risk assessment" that estimated the defendant's potential liability as more than $20,000,000. Id. at 1070. The court held that this document did not prove that the amount in controversy exceeded $5,000,000 (the amount-in-controversy threshold for class actions) because it "contain[ed] no underlying factual data," it "provide[d] no information that indicates it is a realistic assessment of damages," and it was not "based on facts that could be proved at trial." Id. But Sklar's statement of damages is different. Its sole purpose is to communicate the amount of damages that the plaintiff seeks to recover in court. And it is based on facts—Sklar's medical bills to date, his future medical expenses, and the amount of pain and suffering he endured—that could certainly be proved at trial.

### B.  Removal was timely.

If this case is removable, Sklar argues, then Orchard removed too late. Mot. at 7–8. Sklar argues that the thirty-day window for removal began when Orchard received Sklar's case management statement, in which he wrote that he "suffered rupture of a tendon and nerve damage, which required surgery, as a result of the injuries sustained while handling a grill purchased at defendants' store." Dkt. No. 1 at 34. According to Sklar, this language put Orchard on notice that the amount in controversy exceeds $75,000, and removal was untimely because Orchard filed its notice of removal more than thirty days later. Mot. at 7–8; see also 28 U.S.C. § 1446(b)(3) ("a

4

Case No.: 5:16-cv-05096-EJD
ORDER DENYING MOTION TO REMAND

1  notice of removal may be filed within thirty days after receipt by the defendant, through service or
2  otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first
3  be ascertained that the case is one which is or has become removable").

4  The Court disagrees. Sklar's one-sentence description of his injuries is too vague to prove
5  the amount in controversy. Orchard could speculate about the damages he might seek, but as Sklar
6  explained, a "court cannot base a finding of jurisdiction on a defendant's speculation and
7  conjecture." Mot. at 5 (quoting Leon, 76 F. Supp. 3d at 1069). On the case management statement
8  alone, Orchard could not have met its "burden of actually proving the facts to support jurisdiction,
9  including the jurisdictional amount." Gaus, 980 F.2d at 567.

10  Some courts have found that a case management statement can establish the amount in
11  controversy—but only where it specifies the amount in controversy. See, e.g., Almazni v. United
12  Fin. Cas. Co., No. 5:14-cv-00975-CAS(ASx), 2014 WL 2984996, at *2 (C.D. Cal. June 30, 2014)
13  (holding that a case management statement established removability because it enumerated
14  damages of more than $500,000); McGill v. Home Depot, Inc., No. 15-cv-03029-KA, 2015 WL
15  5441032, at *3 (N.D. Cal. Sept. 15, 2015) ("While the complaint's brief statement regarding
16  Plaintiff's injuries made it possible that the amount in controversy exceeded $75,000, it did not
17  become apparent until the June 3, 2015 case management statement, in which Plaintiff claimed
18  that his damages exceeded $100,000."); Dehaan v. Shumway, Case No.: 3:15-CV-2175-CAB-BG,
19  2015 WL 12570943, at *3 (S.D. Cal. Oct. 2, 2015) ("Plaintiff's case management statement . . .
20  states that her medical expenses to date were only approximately $1,000.00 and that the dollar
21  amount of her loss of earnings was unknown. . . . Accordingly, Unomedical has not satisfied its
22  burden of demonstrating that the amount in controversy exceeds $75,000.").

23  Here, by contrast, the case management statement said nothing about the amount of
24  damages Sklar sought (despite the fact that the form Sklar used prompted him to "[p]rovide a brief
25  statement of the case, including any damages"). Dkt. No. 1 at 34 Orchard could not reasonably
26  have known that the case was removable until it received Sklar's damages statement several
27  months later.

28

United States District Court
Northern District of California

5

Case No.: 5:16-cv-05096-EJD
ORDER DENYING MOTION TO REMAND

## IV. CONCLUSION

Because removal was timely and the amount in controversy exceeds $75,000, Sklar's motion to remand is DENIED.

**IT IS SO ORDERED.**

Dated: March 20, 2017



EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-05096-EJD
ORDER DENYING MOTION TO REMAND

6